# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

|  |  |
|---|---|
| INTERIOR ELECTRIC INCORPORATED NEVADA,<br><br>        Plaintiff,<br><br>vs.<br><br>T.W.C. CONSTRUCTION, INC., *et al.*,<br><br>        Defendants. | Case No. 2:18-cv-01118-JAD-VCF<br><br>**ORDER**<br><br>MOTION TO AMEND [ECF NO. 118] |
| And all related matters. |  |

Before the Court is Plaintiff Interior Electric Incorporated Nevada's Motion for Leave to Amend Complaint. (ECF No. 118). For the reasons discussed below, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff originally brought breach of contract, breach of the implied covenant of good faith and fair dealing, claim against bond under NRS 108.2421, violation of NRS 624.624, copyright infringement, removal or alteration of copyright management information, breach of fiduciary duty, intentional interference with prospective economic advantage, misappropriation of trade secrets, conversion, unjust enrichment, fraud or intentional misrepresentation, negligent misrepresentation, quantum meruit, promissory estoppel, civil conspiracy, concert of action, and aiding and abetting claims against Defendants T.W.C. Construction, Travelers Casualty and Surety Company of America, Matthew Ryba, Gustavo Baquerizo, Clifford Anderson, Power Up Electric Company, BAMM Electric, Prologis, AML Properties, AML Development 3, LaPour Partners, Don Fisher, Philcor T.V. & Electronic Leasing, QED, and Turtle & Hughes. (ECF No. 1).

On October 22, 2018, the Court dismissed several claims without prejudice: all claims against Turtle & Hughes, Matthew Ryba, AML Development 3, AML Properties, Don Fisher, and LaPour Partners; and the intentional interference with prospective economic advantage claim as to T.W.C. Construction. (ECF No. 81). The Court also dismissed the concert of action claim with prejudice. (*Id.*). The Court stated that, "[i]f plaintiff has facts to support claims against Defendants Turtle & Hughes; AML Development 3, LLC; AML Properties, Inc.; Don Fisher; LaPour Partners, Inc.; Matthew Ryba; T.W.C. Construction, Inc.; and/or Travelers Casualty and Surety Company of America, it should file a proper motion for leave to amend." (*Id.*). The Court also granted a stipulation to dismiss all claims against Prologis without prejudice. (ECF No. 89).

Plaintiff now moves to amend its complaint to add

> (1) additional allegations to demonstrate Prologis' knowledge of infringing use of Interior Electric Nevada's intellectual property; (2) allegations against Ryba and Wilmer to assert claims for intentional interference with prospective economic advantage; (3) new indirect copyright infringement claims against Prologis, TWC, Baquerizo, and the ROE and DOE defendants; (4) new claims for deceptive trade practices; (5) a claim for declaratory relief; and, generally (6) new factual allegations to provide context and satisfy federal pleading standards

(ECF No. 118 at 3). The proposed amended complaint adds Defendant Mark Wilmer and removes AML Properties, AML Development 3, and LaPour Partners as Defendants. (ECF No. 118-1 at 2-3). In addition to the changes made to the original claims, the proposed amended complaint adds claims for contributory infringement, vicarious infringement, fraud in the inducements, deceptive trade practices, and declaratory relief and removes the negligent misrepresentation and concert of action claims. (*Id.* at 52-53, 60-61).

Plaintiff asserts that its motion to amend is timely, the Defendants will not be prejudiced by the amendment, and the amendments will not be futile. (ECF No. 118 at 5-6). The only Defendants to file a response were T.W.C. Construction and Travelers Casualty and Surety Company of America. (ECF No.

121). These Defendants filed a Limited Opposition, asserting the proposed amended complaint "includes claims which the Court previously dismissed and which deficiencies have not been cured." (*Id.* at 1-2). However, "Defendants understand that motions to amend are freely granted and, therefore, believe that a motion to dismiss is the more appropriate vehicle to challenge the legal validity of those claims." (*Id.* at 2).

## DISCUSSION

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In addition, under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion."

Because Defendants did not oppose Plaintiff's motion, except for one limited opposition that acknowledged leave to amend is freely granted, Defendants have consented to the Court granting the motion. The Court also finds grounds to grant Plaintiff leave to amend its complaint. There is no apparent bad faith or undue delay in the motion for leave to amend. The amendments do not appear to prejudice Defendants. Plaintiff's amendments do not appear to be futile, and this is Plaintiff's first motion for leave to amend the complaint.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 118) is GRANTED.

3

IT IS FURTHER ORDERED that Defendants have until May 13, 2019 to file an answer to the amended complaint.

IT IS SO ORDERED.

DATED this 22nd day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE