**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| INTERIOR ELECTRIC INCORPORATED NEVADA, a domestic corporation,<br><br>Plaintiff,<br><br>vs.<br><br>T.W.C. CONSTRUCTION, INC., a Nevada corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; MATTHEW RYBA, an individual; GUSTAVO BAQUERIZO, an individual; CLIFFORD ANDERSON, an individual; POWER UP ELECTRIC COMPANY, a Nevada limited liability company; PROLOGIS, L.P., a Delaware limited partnership; AML PROPERTIES, INC., a Nevada corporation; AML DEVELOPMENT 3, LLC, a Nevada limited liability corporation; LAPOUR PARTNERS, INC., a Nevada Corporation; DON FISHER, an individual; PHILCOR T.V. & ELECTRONIC LEASING, INC., a Nevada corporation, dba NEDCO; QED, INC., a Nevada corporation; TURTLE & HUGHES, Inc., a New Jersey corporation; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:18-cv-01118-JAD-VCF<br><br>**REPORT AND RECOMMENDATION** |

Before the court is Defendant Philcor TV & Electronic Leasing, Inc. D/B/A Nedco Supply's Motion for Determination of Good Faith Settlement. (ECF No. 163). A hearing was held on November 22, 2019. (ECF NO. 164). The Court canvassed and heard representations from the parties. *Id.* Defendants T.W.C. Construction, Inc. Travelers Casualty and Surety Company of America, Matthew

Ryba, and Mark Wilmer filed a Notice of Non-Opposition to Defendant Philcor TV & Electronic Leasing, Inc. D/B/A Nedco Supply's Motion for Court Determination of Good Faith Settlement (ECF No. 165).

### A.     Relevant Facts

This case involves a larger dispute between Interior Electric and TWC, but as to Nedco's involvement, Interior Electric purchased supplies from Nedco for use on tenant improvements on a Wal-Mart store. On February 6, 2017, Nedco received a pre-payment in the amount of $392,390.06 in the form of a joint check from Interior Electric and T.W.C. Construction Inc. ("TWC"), the general contractor on the project. Per direction from representatives of Interior Electric, Nedco supplied materials for the project, including gift cards in the total amount of $20,000, in the total aggregate amount of $188,775.28. That left a balance on Interior Electric's account with Nedco of $203,614.78.

### B. Relevant Law/Discussion

Pursuant to Nevada Revised Statute §17.245, "[w]hen a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death: (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor."

The court in *The Doctors Co. v. Vincent*, stated that, as evidenced by the ruling In re MGM Grand Hotel Fire Litigation, "the Nevada Federal District Court embrace[s] the following factors in evaluating good-faith issues under NRS 17.245: [1] [t]he amount paid in settlement, [2] the allocation of the settlement proceeds among plaintiffs, [3] the insurance policy limits of settling defendants, [4] the financial condition of settling defendants, and [5] the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *The Doctors Co. v. Vincent*, 120 Nev. 644, 651-52, 98 P.3d 681, 686 (2004)(quoting *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913, 927

(D.Nev.1983)). The court also stated that these factors are not exhaustive, and that the determination of good faith settlement "should be left to the discretion of the trial court based upon all relevant facts available..." *Id* at 652 (quoting *Velsicol Chemical v. Davidson*, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991)).

### 2. Discussion

In considering the factors outlined above, the Court recommends granting Defendant Philcor TV & Electronic Leasing, Inc. D/B/A Nedco Supply's Motion for Determination of Good Faith Settlement. (ECF No. 163).

No opposition has been filed. This constitutes consent to the granting of the motion under Local Rule 7-2(d), which states that "[t]he failure of an opposing party to file point and authorities in response to any motion shall constitute a consent to the granting of the motion."

The Court has reviewed the instant motion and finds that the proposed settlement satisfies NRS § 17.245's good-faith requirement. The court's finding is predicated on three of the MGM factors. With regard to the first factor, Nedco proposed a fair compensation in the amount of $223,614.78 to Interior Electric. (ECF No. 163 at 4). The compensation, which is "the prime badge" for determining good faith, *see MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927, represents a fair and reasonable amount since this proposed settlement amount will help avoid substantial future litigation costs that will be incurred in preparation for trial. *Id.*

With regard to the second factor, the settlement amount was paid entirely in cash to Interior Electric as Nedco was not covered by insurance. All parties agreed Nedco would continue to cooperate in the litigation with Interior Electric and would, within ten (10) calendar days' notice, provide informal witness interviews or statements, or formal testimony, and provide all information or documents informally requested by Interior Electric. Nedco has fully complied with these terms and has agreed to continue to comply with those terms. Additionally, there is no evidence the aforementioned settlement

between Nedco and Interior Electric is collusive or fraudulent. *Id* at 4. *See MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927.

Finally, the propose settlement agreement was apparently reached in good faith because collusion, fraud, and other tortious conduct aimed to injure the interests of non-settling defendants is absent. *MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927. The proposed settlement was reached after settlement negotiations. (ECF No. 163 at 4).

Based on the foregoing and all of the relevant facts surrounding the settlement, the undersigned finds that the settlement was reached in good faith.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that is Defendant Philcor TV & Electronic Leasing, Inc. D/B/A Nedco Supply's Motion for Determination of Good Faith Settlement. (ECF No. 163) be GRANTED.

DATED this 17th day of December, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE