# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Interior Electric Incorporated Nevada,<br><br>Plaintiff<br><br>v.<br><br>T.W.C. Construction, Inc., et al,<br><br>Defendants | Case No.: 2:18-cv-01118-JAD-VCF<br><br>**Order Granting in Part and Denying in Part the T.W.C. Defendants' Motion to Dismiss, Denying Baquerizo's Motion to Dismiss, and Granting Prologis's Motion to Dismiss**<br><br>[ECF Nos. 137, 139, 145] |

Plaintiff Interior Electric Incorporated Nevada, an electrical subcontractor, alleges that defendant T.W.C. Construction, Inc., a general contractor, encouraged and assisted two of its employees to form a competing electrical subcontractor. After granting in part and denying in part the defendants' motions to dismiss Interior Electric's first complaint,[1] I granted Interior Electric leave to amend its complaint.[2] In its amended complaint, Interior Electric now asserts 22 federal- and state-law causes of action against its former employees, T.W.C. and its employees, and a host of other defendants.[3] Several parties move to dismiss the amended complaint: (1) T.W.C. and related parties move to dismiss Interior Electric's intentional-interference claim against T.W.C. and all claims against T.W.C. officers Matthew Ryba and Mark Wilmer; (2) Interior Electric's wayward employee Gustavo Baquerizo moves to dismiss Interior Electric's copyright claims; and (3) Prologis, L.P., the owner of certain commercial real estate projects underlying this suit, moves to dismiss Interior Electric's unjust-enrichment, civil-

---

[1] ECF No. 81.
[2] ECF No. 129.
[3] ECF No. 130.

conspiracy, and aiding-and-abetting claims. For the reasons discussed below, I deny Baquerizo's motion, grant in part T.W.C.'s motion, and grant Prologis's motion. The net result is that a handful of Interior Electric's claims against Ryba, Wilmer, and Prologis are dismissed without prejudice and with leave to amend by February 24, 2020.

## Background[4]

Interior Electric is an electrical contractor based in Henderson, Nevada.[5] In 1999, Interior Electric's California affiliate created a proprietary template for drafting electrical-engineering plans with the AutoCad software program.[6] The template is "an original work of the visual arts in that the fixed layout of the first page is original, visually appealing and clean; the contents of the electrical legend, project notes, and top portion of the title block are original, visually appealing, easy-to-use and modern, except that some of the symbols of the electrical legend are standard in the industry; the panel board display is original, and attractively designed to efficiently convey required information to electricians in the field, and to city or county building department plan checkers."[7] The California affiliate later filed a copyright application with the United States Copyright Office, which was granted in June 2018.[8]

For more than two decades, T.W.C. used Interior Electric as an electrical subcontractor on numerous projects.[9] But in 2017, T.W.C. solicited Baquerizo and Clifford Anderson to work

---

[4] These facts are a summary of Interior Electric's allegations in its amended complaint, ECF No. 130. They are not intended as findings of fact.
[5] *Id.* at ¶ 5.
[6] *Id.* at ¶¶ 130–131.
[7] *Id.* at ¶ 132.
[8] *Id.* at ¶ 135.
[9] *Id.* at ¶ 49.

with it independently of Interior Electric, either in-house or as a closely-related subcontractor.[10] T.W.C. and its officers Ryba and Wilmer funded Baquerizo and Anderson's new venture with company checks and personal cashier's checks.[11] After discovering this, Interior Electric terminated Baquerizo and Anderson's employment.[12]

Prior to these events, Interior Electric had begun work on nine projects for T.W.C.[13] After Baquerizo and Anderson's terminations, T.W.C. hired or contracted them through other companies to complete the nine projects,[14] but T.W.C. has withheld $599,936.24 in payment for these nine projects.[15] Interior Electric utilized its copyrighted template to prepare electrical-engineering plans for each project.[16] Interior Electric filed copyright applications for each plan, and received registrations for each in late 2017 and early 2018.[17] Interior Electric alleges that Baquerizo and others copied and used the electrical-engineering plans for the nine projects in progress for T.W.C.[18]

Prologis "provid[es] logistics real estate solutions" in Nevada.[19] Prologis contracted with T.W.C. to act as its general contractor for four of the projects underlying this suit.[20] Prologis employees were copied on emails between T.W.C. and Interior Electric regarding electrical work

---

[10] *Id.* at ¶ 50.
[11] *Id.* at ¶¶ 42–43.
[12] *Id.* at ¶ 51.
[13] *Id.* at ¶¶ 65–127.
[14] *Id.* at ¶ 51.
[15] *Id.* at ¶ 127
[16] *Id.* at ¶ 54.
[17] *Id.* at ¶¶ 157, 172, 188, 201, 211, 220, 228, 240, 246.
[18] *Id.* at ¶¶ 146, 149.
[19] *Id.* at ¶ 17.
[20] *Id.* at ¶¶ 152, 167, 182, 197.

3

on these projects, and they received copies of Interior Electric's copyrighted electrical-engineering plans as part of these exchanges.[21]

## Discussion

### I. Dismissal standard

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[22] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[23] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[24] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[25]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[26] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[27] The court must then consider whether the well-pled factual allegations state a

---

[21] *Id.* at ¶¶ 155–156, 170–171, 187, 200.

[22] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[23] *Twombly*, 550 U.S. at 570.

[24] *Iqbal*, 556 U.S. at 678.

[25] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[26] *Iqbal*, 556 U.S. at 678–79.

[27] *Id.*

4

plausible claim for relief.[28] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[29] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[30]

## II. T.W.C.'s motion to dismiss [ECF No. 137]

T.W.C., Ryba, and Wilmer (collectively, the T.W.C. defendants) move to (1) dismiss all claims against Ryba and Wilmer because they are corporate officers of T.W.C. and (2) dismiss Interior Electric's intentional-interference-with-prospective-economic-advantage claim against T.W.C., Ryba, and Wilmer.[31] Interior Electric responds that Ryba and Wilmer are proper defendants because of their individual actions.[32] Interior Electric voluntarily dismisses its intentional-interference claim against T.W.C., but maintains that Ryba and Wilmer are nevertheless liable.[33]

### A. Corporate-officer liability

Under Nevada law, "[e]xcept as otherwise specifically provided by statute or agreement, no person other than a corporation is individually liable for a debt or liability of the corporation unless the person acts as the alter ego of the corporation."[34] But "[a]n officer of a corporation

---

[28] *Id.* at 679.
[29] *Id.*
[30] *Twombly*, 550 U.S. at 570.
[31] ECF No. 137.
[32] ECF No. 143.
[33] *Id.*
[34] Nev. Rev. Stat. § 78.747.

5

may be individually liable for any tort which he commits."[35] Interior Electric names Ryba and Wilmer in three of its 22 claims: intentional interference with prospective economic advantage, unjust enrichment, and civil conspiracy.[36] Although Ryba and Wilmer were T.W.C. corporate officers, Interior Electric alleges that Ryba and Wilmer personally took action to solicit Baquerizo and Anderson away from Interior Electric and fund their new venture. So I deny Interior Electric's motion to dismiss on this ground.

**B.     Intentional-interference claim**

A claim for intentional interference with prospective economic advantage under Nevada law requires proof of, among other things, a prospective contractual relationship between the plaintiff and *a third party*.[37] Consequently, "an entity cannot tortiously interfere with a contract to which it is a party."[38] "Because agents of an employer acting within the scope of their employment are parties to the employer's contracts, they are not appropriate parties against which [intentional interference with prospective economic advantage] claims may lie."[39] But an agent "may be an interfering third party if the agent was acting outside the scope of the agency, was not acting in the principal's interest, or was motivated by malice towards one or both of the contracting parties."[40]

---

[35] *Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 689 (Nev. 1995).

[36] ECF No. 130.

[37] *In re Amerco Deriv. Litig.*, 252 P.3d 681, 702 (Nev. 2011) (en banc).

[38] *Richardson v. HRHH Gaming Senior Mezz, LLC*, No. 2:13-CV-1913-GMN, 2015 WL 1034307, at *5 (D. Nev. Mar. 10, 2015).

[39] *Id.*; *see also Blanck v. Hager*, 360 F. Supp. 2d 1137, 1154 (D. Nev. 2005), *aff'd*, 220 F. App'x 697 (9th Cir. 2007) ("[A]gents acting within the scope of their employment, i.e. the principal's interest, do not constitute intervening third parties, and therefore cannot tortiously interfere with a contract to which the principal is a party.").

[40] *From the Future, LLC v. Flowers*, No. 2:06-CV-00203-PMP-RJJ, 2009 WL 10709083, at *8 (D. Nev. Apr. 20, 2009). Although I do not address whether Ryba and Wilmer had mixed

In its opposition, Interior Electric voluntarily dismisses its intentional-interference claim against T.W.C. Interior Electric maintains that it can pursue this claim against Ryba and Wilmer because they individually funded Baquerizo and Anderson's new electrical venture. But Interior Electric does not allege that Ryba and Wilmer acted outside the scope of their authority from T.W.C. Instead, Interior Electric alleges that T.W.C. designed and benefitted from Baquerizo and Anderson's separation from Interior Electric, suggesting that Ryba and Wilmer had authority to affect the separation. Nor does Interior Electric allege that Ryba and Wilmer acted outside of T.W.C.'s interest or with malice towards either T.W.C. or Interior Electric. So I dismiss Interior Electric's intentional-interference-with-economic-advantage claim against Ryba and Wilmer. Because it is not clear that amendment would be futile, however, I grant Interior Electric leave to amend this claim.[41]

**C.     Civil-conspiracy claim**

In a footnote, the T.W.C. defendants argue that Interior Electric's civil-conspiracy claim should be dismissed against Ryba and Wilmer because Interior Electric fails to allege facts establishing an agreement.[42] Interior Electric does not respond.[43]

"Actionable civil conspiracy arises where two or more persons undertake some concerted action with the intent 'to accomplish an unlawful objective for the purpose of harming another,' and damage results."[44] A conspiracy action must be based on an agreement to commit a viable

---

motives because the parties do not raise the issue, I find *Flowers* persuasive, and Interior Electric should consider it if it pursues a theory that Ryba and Wilmer had mixed motives. *Id.*

[41] *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

[42] ECF No. 137 at 7 n.2.

[43] ECF No. 143.

[44] *Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 335 P.3d 190, 198 (Nev. 2014) (quoting *Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1998)).

7

tort.[45] Interior Electric alleges facts showing that Ryba, Wilmer, Baquerizo, Anderson, and others engaged in concerted action to separate Baquerizo and Anderson from Interior Electric and direct T.W.C.'s business to their new venture.[46] But because I dismiss Interior Electric's intentional-interference-with-prospective-economic-advantage claims against Ryba and Wilmer, I am not persuaded that Interior Electric's civil-conspiracy claim against Ryba and Wilmer is based on an agreement to commit a viable tort. So I dismiss this claim against Ryba and Wilmer with leave to amend.

### III. Baquerizo's motion to dismiss [ECF No. 139]

Baquerizo argues that Interior Electric's copyright claims should be dismissed because its template cannot be copyright protected.[47] Interior Electric responds that technical drawings like the template can be copyright protected.[48] Interior Electric also points out that Baquerizo fails to challenge whether the completed templates for the nine ongoing projects underlying this dispute are also copyright-protectable, allowing his copyright claims to survive regardless.[49]

"A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'"[50] "To rebut the presumption of validity, an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie

---

[45] *Philip v. BAC Home Loans Servicing, LP,* 644 F. App'x 710, 711 (9th Cir. 2016) (unpublished) (citing *Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 (Nev. 1980)).

[46] *See, e.g.*, ECF No. 130 at ¶¶ 38, 50.

[47] ECF No. 139.

[48] ECF No. 144.

[49] *Id.* at 3 n.1.

[50] *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (quoting 17 U.S.C. § 410(c)).

8

case of infringement."[51]  Works "in which the creative spark is utterly lacking . . . are incapable of sustaining a valid copyright."[52]  "The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be."[53]

"Work of visual art" is a defined term under the copyright statute and "does not include . . . any . . . chart, technical drawing, diagram, [or] model . . . ."[54]  The Copyright Office's *Compendium of U.S. Copyright Office Practices* recognizes in a chapter titled "visual art works," however, that "[t]echnical and scientific drawings include mechanical drawings, engineering diagrams, and similar works.  The U.S. Copyright Office will register these types of works if they contain a sufficient amount of original pictorial or graphic material."[55]

Interior Electric registered its copyright for the template, shifting the burden to Baquerizo to rebut the presumption of validity.  I find that Baquerizo has not rebutted the presumption of validity for purposes of a motion to dismiss.  Although Interior Electric references the defined term "work of visual art[]"—which does not include technical drawings—in its complaint, I find that Interior Electric nevertheless states a plausible claim that the template is a technical drawing eligible for copyright protection because of its description of the template.[56]  And I find that the

---

[51] *Id.* (quotations and alterations omitted).

[52] *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 359 (1991).

[53] *Id.* (quotation omitted).

[54] 17 U.S.C. § 101.

[55] U.S. Copyright Office, Compendium of Copyright Practices § 922 (3d ed. 2017); *see also Oldcaste Precast, Inc. v. Granite Precasting & Concrete, Inc.*, No. CIV. C10-322 MJP, 2011 WL 813759, at *5 (W.D. Wash. Mar. 2, 2011) ("[T]echnical drawings are expressly included as works covered by the [Copyright] Act.") (citing 17 U.S.C. §§ 101, 102(a)(5)).

[56] *See* ECF No. 130 at 132.

9

template itself contains "some creative spark," albeit "humble."[57] So I deny Baquerizo's motion to dismiss.

## IV.   Prologis's motion to dismiss [ECF No. 145]

Interior Electric asserts claims against Prologis for contributory infringement, vicarious infringement, unjust enrichment, civil conspiracy, and aiding and abetting. Prologis argues that the unjust enrichment, civil conspiracy, and aiding-and-abetting claims[58] should be dismissed because Interior Electric only alleges that Prologis owned commercial real estate properties, hired T.W.C. to act as its general contractor, and was copied on emails with Interior Electric regarding projects.[59] Interior Electric responds that its amended complaint contains sufficient factual allegations to state plausible claims.[60] I grant Prologis's motion because I will not infer intent from Prologis's awareness that Interior Electric had performed early-stage work on its construction projects. I explain why this is fatal to each claim in turn.

---

[57] *Feist,* 499 U.S. at 359. I consider the copyrighted template, ECF No. 139-1, because it is incorporated by reference into Interior Electric's complaint. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[58] Prologis fails to include any argument for dismissal of Interior Electric's contributory- and vicarious-infringement claims and makes contradictory statements about whether it is moving to dismiss those claims. *Compare* ECF No. 145 at 1 (moving for dismissal of all claims) *with id.* at 8 ("Prologis respectfully requests that the Court grant this Motion and dismiss Interior Electric's causes of action against Prologis for unjust enrichment, civil conspiracy and aiding and abetting."). Interior Electric argues in its opposition that it has sufficiently pleaded its contributory- and vicarious-infringement claims in "an abundance of caution." ECF No. 150 at 9 n.1. Prologis argues in reply for dismissal of all of Interior Electric's claims, ECF No. 151 at 5, but I find that the parties have not developed their arguments for and against dismissal of these claims. So I exercise my discretion to disregard Prologis's arguments because they were raised for the first time in its reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (district court has discretion to ignore new arguments raised in reply brief).

[59] ECF No. 145.

[60] ECF No. 150.

### A. Civil-conspiracy and aiding-and-abetting claims

"Actionable civil conspiracy arises where two or more persons undertake some concerted action with the intent 'to accomplish an unlawful objective for the purpose of harming another,' and damage results."[61] A conspiracy action must be based on an agreement to commit a viable tort.[62] Actionable aiding and abetting arises where "(1) the primary violator breached a duty that injured the plaintiff, (2) the alleged aider and abettor 'was aware of its role in promoting [the breach] at the time it provided assistance,' and (3) the alleged aider and abetter 'knowingly and substantially assisted' the primary violator in committing the breach."[63]

Interior Electric essentially asks me to infer Prologis's intent from a few factual allegations: (1) Prologis employees became aware through email correspondence that Interior Electric performed early stage work for T.W.C. construction projects, including drafting of electrical engineering plans; (2) Prologis employees were aware that T.W.C. intended to use Interior Electric as its electrical subcontractor; and (3) other contractors ultimately completed the work.[64] These factual allegations do not permit a reasonable inference that Prologis engaged in concerted action with T.W.C. and others to accomplish an unlawful objective for the purpose of harming Interior Electric because numerous innocuous reasons could have explained a general contractor's decision to hire a new electrical subcontractor. Nor do they permit a reasonable inference that Prologis was aware of its role in promoting T.W.C.'s breach of a duty that injured Interior Electric. I thus grant Prologis's motion to dismiss on this ground.

---

[61] *Guilfoyle*, 335 P.3d at 198 (quoting *Cummins Engine Co.*, 971 P.2d at 1256).

[62] *Philip,* 644 F. App'x, at 711 (citing *Eikelberger*, 611 P.2d at 1088).

[63] *Terrell v. Cent. Washington Asphalt, Inc.*, 168 F. Supp. 3d 1302, 1314 (D. Nev. 2016) (quoting *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001)).

[64] ECF No. 150 at 3–5.

### B. Unjust-enrichment claim

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is 'acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.'"[65] Interior Electric alleges that by allowing Baquerizo, Anderson, and others to use Interior Electric's copyrighted plans rather than require them to create new ones, Prologis was able to collect rental revenue from its tenants earlier than it would have otherwise been able to.[66] But this speculative allegation lacks factual support. Again, Prologis's awareness that Interior Electric performed some work on T.W.C. construction projects and then others ultimately completed the work does not permit a reasonable inference that Prologis knew of—much less appreciated the benefit from—the new subcontractors' use of Interior Electric's copyrighted plans. So I dismiss Interior Electric's unjust-enrichment claim. But I grant Interior Electric leave to amend all of its claims against Prologis because it is not clear that amendment would be futile.[67]

### Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the T.W.C. defendants' motion to dismiss **[ECF No. 137] is GRANTED in part and DENIED in part**. Interior Electric's claims against Ryba and Wilmer for intentional interference with prospective economic advantage and civil conspiracy are **DISMISSED without prejudice and with leave to amend.**

---

[65] *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (quoting *Unionamerica Mtg. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981)).

[66] ECF No. 130 at ¶¶ 163, 178, 191, 205.

[67] *Johnson*, 356 F.3d at 1077; ECF No. 151 at 3 n.1.

**IT IS FURTHER ORDERED** that Baquerizo's motion to dismiss **[ECF No. 139] is DENIED.**

**IT IS FURTHER ORDERED** that Prologis's motion to dismiss **[ECF No. 145] is GRANTED.** Interior Electric's claims against Prologis for unjust enrichment, civil conspiracy, and aiding and abetting are **DISMISSED without prejudice and with leave to amend.**

**IT IS FURTHER ORDERED** that Interior Electric must file any amended complaint by February 24th, 2020.

Dated: February 12, 2020

_____
U.S. District Judge Jennifer A. Dorsey