FLOYD A. HALE, ESQ.
Nevada Bar No. 1873
JAMS
3800 Howard Hughes Pkwy, 11th Fl.
Las Vegas, NV 89169
Ph: (702) 457-5267
Fax: (702) 437-5267
*Special Master*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

INTERIOR ELECTRIC INCORPORATED NEVADA, a domestic corporation;

Plaintiff,

vs.

T.W.C. CONSTRUCTION, INC., a Nevada corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; MATTHEW RYBA, an individual; GUSTAVO BAQUERIZO, an individual; CLIFFORD ANDERSON, an individual POWER UP ELECTRIC COMPANY, a Nevada corporation, dba POWER ON ELECTRIC COMPANY; BAMM ELECTRIC, LLC, a Nevada limited liability company; PROLOGIS, L.P., a Delaware limited partnership; AML PROPERTIES, INC., a Nevada corporation; AML DEVELOPMENT 3, LLC; a Nevada limited liability company; LAPOUR PARTNERS, INC., a Nevada corporation; DON FISHER, an individual; PHILCOR T.V. & ELECTRONIC LEASING, INC. a Nevada corporation; dba NEDCO; QED, INC., a Nevada corporation; TURTLE & HUGHES, INC. a New Jersey corporation; DOES 1-X, inclusive, and ROE CORPORATIONS I-X, inclusive,

Defendants.

---

T.W.C. CONSTRUCTION, INC., a Nevada corporation,

Case No. 2:18-cv-01118-JAD-VCF

**SPECIAL MASTER ORDER REGARDING T.W.C. CONSTRUCTION, INC.'S MOTION TO COMPEL PLAINTIFF'S ADDITIONAL RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES AND MOTION FOR ATTORNEY FEES AND COSTS**

Counterclaimant,

vs.

INTERIOR ELECTRIC INCORPORATED NEVADA, a domestic corporation; INTERIOR ELECTRIC, INC., a California corporation; DOES 1-X, inclusive; and ROE CORPORATIONS 1-X, inclusive,

Counterdefendant.

**SPECIAL MASTER ORDER REGARDING T.W.C. CONSTRUCTION, INC.'S MOTION TO COMPEL PLAINTIFF'S ADDITIONAL RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES AND MOTION FOR ATTORNEY FEES AND COSTS**

This litigation involves Plaintiff's claims for alleged breach of contract and claims for damages related to more than 20 separate construction projects. In additional, T.W.C. Construction, Inc. is seeking damages from Interior Electric related to a Complaint submitted by Interior Electric to the Nevada State Contractor's Board.

The primary issue related to the T.W.C. Construction Motion to Compel More Complete Responses to Interrogatories concerns the number of Interrogatories and the method of counting the subparts to those Interrogatories. Counsel for the parties have agreed to attempt to resolve that issue.

As to the Requests for Admissions, T.W.C. Construction submitted 599 Requests for Admissions to Interior Electric. Interior Electric filed a Motion for Protective Order regarding those Admissions and the issue was briefed and submitted to Judge Cam Ferenbach. Judge Ferenbach Stayed the issue and allowed the parties to submit that dispute to the Special Master that the parties agreed to have appointed. During the communications regarding the drafting of a Stipulation and Order appointing a Special Master, T.W.C. Construction withdrew the admissions dispute by email in December 2019. Other than both parties seeking attorney fees related to this Motion, the only

remaining substantive issue concerns T.W.C. Construction's Request for Production of Documents and communications submitted by Interior Electric to the Nevada State Contractor's Board. T.W.C. Construction's **REQUEST NO. 138** sought:

> Produce all documents and/or communications relating to, concerning, and/or evidencing your allegation(s) in paragraph 251 of the Complaint that "This discovery led to a comprehensive investigation into Baquerizo and was a contributing to his termination."

Similarly, the T.W.C. **REQUEST NO. 224** stated:

> Produce all communications between You and the Nevada State Contractor's Board and/or its Agents related to and/or concerning of the Defendants in this action and/or their respective officers and/or employees, which pertains and/or relates to any project identified in the Complaint. In responding to this Request, including any communications between any officer and/or employee of Interior Electric and any agent and/or employee of the Nevada State Contractor's Board.

Interior Electric submitted objections to the above two quoted requests alleging both privilege and confidentiality. T.W.C Construction argues that there is a Stipulated Protective Order entered in this litigation so that confidentiality is not an appropriate objection. The Interior Electric claim of privilege was based upon NRS 624.327 that protects the identity of the person or entity filing a Complaint with the Board and "....all documents and other information filed with the complaint and all documents and other information complied as a result of the investigation conducted to determine whether to initiate disciplinary action are confidential."

A substantial number of documents and information was provided to T.W.C. Construction as a result of the Contractor Board's proceedings. Those documents included all 122 exhibits utilized during the disciplinary hearing. Interior Electric argues that is all of the relevant and necessary discovery to be produced to allow Interior Electric to pursue its claim of a alleged wrongful complaint submitted to the Contractor's Board. Additionally, Interior Electric indicates that other parties were either implicated or discussed in those documents and should not be produced.

I FIND that T.W.C. Construction, Inc. has received **all documents and exhibits** considered by the Nevada State Contractor's Board during the disciplinary hearing involving T.W.C. Construction. It is the content of those documents that T.W.C. Construction must utilize to pursue a claim that the Compliant was improperly or wrongfully submitted since that was all that was considered by the Contractor's Board.

IT IS ORDERED that the T.W.C. Construction, Inc. Motion to Compel Plaintiff's additional responses to Requests for Production of Documents and Motion for related fees and costs are denied;

IT IS FURTHER ORDERED that the issues related to the T.W.C. Construction Motion to Compel the Plaintiff to Provide More Complete Responses to Interrogatories will not be considered by the Special Master as this time since counsel are attempting to resolve that issue.

DATED this 9th day of June, 2020.

By: */s/ Floyd A. Hale*
FLOYD A. HALE, Special Master
Nevada Bar No. 1873
3800 Howard Hughes Pkwy. 11th Fl.
Las Vegas, NV 89169

CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2020, I served a true and correct copy of the foregoing Notice and Order on parties listed below:

Chad Clement, Esq.
Cody Mounteer, Esq.
Jared Moser, Esq.
Collin Jayne, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145
Attorneys for Interior Electric, Inc.

Philip Kantor, Esq.
Las Offices of Philip Kantor
1781 Village Center Circle, Suite 120
Las Vegas, NV 89134
Attorneys for Interior Electric

Michael Infuso, Esq.
Keith Barlow, Esq.
Sean Kirby, Esq.
Greene Infuso LLP
3030 South Jones Blvd., Suite 101
Las Vegas, NV 89146
Attorneys for TWC Construction, Inc.; Travelers Casualty & Surety Co. of America; Matt Ryba; Mark Wilmer

Kurt Bonds, Esq.
Adam Knecht, Esq.
Trevor Waite, Esq.
Alverson Taylor & Sanders
6605 Grand Montecito Parkway, Suite 200
Las Vegas, NV 89149
Attorneys for Gustavo Baquerizo; BAMM Electric, LLC; Clifford Anderson

Robert Langford, Esq.
Matthew Rashbrook, Esq.
Robert L. Langford & Associates
616 South Eighth Street
Las Vegas, NV 89101
Attorneys for Gustavo Baquerizo

Leon Mead, Esq.
Sarah Mead Thomas, Esq.
Mead Law Group
7201 W. Lake Mead, Suite 550
Las Vegas, NV 89128
Attorneys for QED, Inc.

Aaron Shipley, Esq.
McDonald Carano
2300 West Sahara Ave., #1200
Las Vegas, NV 89102
Attorneys for Prologis, L.P.

John Henry Wright, Esq.
Christopher Phillips, Esq.
Philip Gerson, Esq.
Wright Law Group, P.C.
2340 Paseo Del Prado, Bldg. D, Suite 305
Las Vegas, NV 89102
Attorneys for Power Up Electric Company dba Power On Electric Company

Dale A. Hayes, Jr., Esq.
Hayes Law Firm
4735 South Durango Drive
Las Vegas, NV 89147
Attorneys for Clifford Anderson

By: */s/ Floyd A. Hale*
Floyd A. Hale