# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Interior Electric Incorporated Nevada,

        Plaintiff(s),

vs.

T.W.C. Construction, Inc., *et al.*,

        Defendant(s).

2:18-cv-01118-JAD-MDC

Order

Due to unforeseen circumstances, the Court did not previously address defendant TWC Construction, Inc.'s ("defendant") Objection (ECF No. 234) to the Special Master's Order (ECF No. 231).[1] The Court has considered the Objection and the Special Master's Order and for the reasons stated below overrules the Objection and affirms the decision by the Special Master.

## DISCUSSION

### I. SUMMARY

This is a complex litigation involving numerous parties. Germaine to the Special Master's Order (ECF No. 231) are the counterclaims by defendant/counterclaimant TWC Construction, Inc. ("TWC") against plaintiff/counterdefendant Interior Electric Incorporated Nevada ("Interior Electric). Among other things, TWC counterclaimed against TWC for damages allegedly incurred as a result of disciplinary proceedings against TWC by the Nevada State Contractor's Board ("NSCB"). TWC alleges that Interior Electric pursued a "spurious complaint against TWC to the NSBC" and provided the NSCB incorrect information in connection with those proceedings. *See* TWC's Counterclaim, ECF No. 120 at ¶¶74-75, pp. 70-71.

The issue before the Court involves a discovery dispute. Specifically at issue is TWC's unlimited request to produce all documents and communications submitted by Interior Electric to NSCB. Interior

---

[1] The Court notes that although defendant's objection is docketed as "Objection to 232 Notice (Other)," defendant is in fact objecting to ECF No. 231, the Special's Master Order regarding TWC's Motion to Compel.

Electric objected to TWC's discovery and TWC moved to compel. Special Master Hale considered and denied TWC's motion. TWC objected (ECF No. 234) to the Special Master Hale's Order (ECF No. 231).

The Court has reviewed the TWC's Objection (ECF No. 234) and completed a *de novo* review of the Special Master Hale's Order (ECF No. 231). The Court overrules TWC's objections and affirms the Special Master Hale's Order.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the Court must review a Special Master's conclusions of law and factual findings de novo. Fed. R. Civ. P. 53(f)(3)-(4). "The Special Master's discovery rulings and recommendations are inextricably intertwined with conclusions of fact and law and so are reviewed *de novo*." *Hernandez v. Lynch*, 2019 U.S. Dist. LEXIS 221180, 2019 WL 6998774, at 2 (C.D. Cal. Jun. 18, 2019) (collecting cases). Under the *de novo* standard, the Court decides "the matter anew," as if no prior decision had been rendered. *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).

The scope of discovery is governed by Rule 26(b) of the Federal Rules of Civil Procedure. The Court, in consideration of the time the Special Master's Order (ECF No. 231) and Objection (ECF No. 234) was filed, looks to the 2020 version of Rule 26(b), which provides that:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id.* (emphasis added).

The court not only has the powers but also a duty to "limit the frequency or extent of discovery otherwise allowed by [the] rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)

### III.   DISCUSSION

The Court has conducted an independent review and gives fresh consideration to the issue raised by TWC's Objection (ECF No. 234).

TWC initially served NSCB with a subpoena *duce tecum* for basically all documents received by NSCB regarding TWC. *See TWC Subpoena to NSCB* (ECF No. 205-1 at Ex. 4). NSCB objected to the scope of the documents requested and produced only the public portion of the records, which the NSCB considered relative to its proceedings against TWC. *See* ECF No. 240-1; ECF No. 231*; see also* NRS 624.327(2) ("all documents and information considered by the Board when determining whether to impose discipline are public records"). Importantly, the public records produced by NSCB to TWC included all 122 exhibits considered by the NSCB during the disciplinary production. *See* ECF No. 231 at 3.

TWC then served Interior Electric with document request for all documents provided to NSCB:

> TWC's REQUEST NO. 138 sought:
> Produce all documents and/or communications relating to, concerning, and/or evidencing your allegation(s) in paragraph 251 of the Complaint that "This discovery led to a comprehensive investigation into Baquerizo and was a contributing to his termination."
>
> Similarly, the T.W.C. REQUEST NO. 224 stated:
> Produce all communications between You and the Nevada State

> Contractor's Board and/or its Agents related to and/or concerning of the Defendants in this action and/or their respective officers and/or employees, which pertains and/or relates to any project identified in the Complaint. In responding to this Request, including any communications between any officer and/or employee of Interior Electric and any agent and/or employee of the Nevada State Contractor's Board.

*See* ECF No. 231 at 3.

Interior Electric objected to TWC's request arguing both privilege and confidentiality per NRS 624.327(1), among other things. TWC then moved to compel Interior Electric's production of the requested documents. Special Master Hale denied TWC's motion to compel without reaching the issue of confidence or privilege under NRS 624.327(1). First, Special Master Hale found that all documents considered in the NSCB disciplinary proceeding had been produced:

> A substantial number of documents and information was provided to T.W.C. Construction as a result of the Contractor Board's proceedings. Those documents included all 122 exhibits utilized during the disciplinary hearing.

*See* ECF No. 231 at 3-4.

Next, Special Master Hale determined TWC's request were not relevant or proportionate. Special Master Hales complete findings were:

> ****
> I FIND that T.W.C. Construction, Inc. has received all documents and exhibits considered by the Nevada State Contractor's Board during the disciplinary hearing involving T.W.C. Construction.
> It is the content of those documents that T.W.C. Construction must utilize to pursue a claim that the Compliant was improperly or wrongfully submitted since that was all that was considered by the Contractor's Board.
>
> IT IS ORDERED that the T.W.C. Construction, Inc. Motion to Compel Plaintiff's additional responses to Requests for Production of Documents and Motion for related fees and costs are denied;
>
> IT IS FURTHER ORDERED that the issues related to the T.W.C. Construction Motion to Compel the Plaintiff to Provide More Complete

        Responses to Interrogatories will not be considered by the Special Master as this time since counsel are attempting to resolve that issue.

*See* ECF No. 231 at 3-4.

        In its Objection (ECF No. 234), TWC construes Special Master Hale's Order (ECF No. 231) differently. TWC argues that Special Master Hale somehow denied production based on NRS 624.327(1) and that the confidentiality provisions of NRS 624.327(1) do not create a privilege to withhold discovery. *Id.* at 5-7. TWC also argues that NSCB did not produce all evidence it considered. ECF No. 234 at 8. Special Master Hale's Order, however, does not support TWC's construction. As the full statement of findings set forth above show, Special Master Hale's determination did not concern NRS 624.327(1) or privilege. In reviewing *de novo*, the Court finds that TWC's second argument is speculative and contrary to the record and applicable statute.

        NRS 624.327(2) provides that all documents and information considered by the NSCB in determining discipline are public records. *Id.* The NSCB's response to TWC's subpoena states that it produced to TWC all records that it considered in the disciplinary proceedings against TWC pursuant to NRS 624.327. *See* ECF No. 240-1. Thus, the Court finds ample evidence and support on the record that NSCB produced all documents considered by NSCB in the disciplinary proceedings against TWC.

        In reviewing *de novo*, the Court finds that TWC's requests are neither relevant nor proportional to TWC's counterclaim. Fed. R. Civ. P. 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case." *Id.* (emphasis added). TWC's claim for damages is based the "significant attorney's fees and costs in connection with the NSCB investigation." ECF No. 120 at 71:7-9. As Interior Electric correctly points out:

> This claim will require TWC to show that documents or information given to the Board by Interior Electric in some way caused the Board to decide to impose discipline, thereby causing TWC to incur damages. Thus, any

>document which the Board did *not* consider in choosing to impose discipline against TWC, is decidedly *not relevant* to TWC's claims, as that document could not have possibly cause the alleged harm.

*See* ECF No. 240 at 15:1-5.

Therefore, the Court overrules TWC's Objection (ECF No. 234) and upholds Special Master Hale's Order (ECF No. 231). *See V5 Techs. V. Switch, Ltd.*, 334 F.R.D. 306, 314 (D. Nev. 2019) ("courts have a duty to limit discovery that is outside the scope permitted by Rule 26(b)(1)") (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)) (internal quotations omitted).

Although not raised in its Objection (ECF No. 234), the Court responds to TWC's request for fees, raised in its Reply (ECF No. 243). The Court denies such request as improper and unjust (per Rule 37). The request is improper because it was raised for the first time in the Reply (ECF No. 243) and thus, depriving Internal Electric an opportunity to respond. The Court further notes that Special Master Hale denied TWC's Motion for Attorney's fees and TWC failed to object to this portion of the Order (ECF No. 231) in its Objection (ECF No. 234). The Ninth Circuit has long held that "issues raised for the first time in a reply brief are waived." *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam). To do so otherwise deprives the opposing party of the opportunity to respond to them. *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (discussing it is improper to raise new arguments in a reply brief because the opposing party is deprived of the opportunity to respond). Further, because the Court affirms Special Master Hale's finding that TWC *has* "received all documents and exhibits considered by the [NSCB] during the disciplinary hearing," the Court finds that an award of fees under Rule 37 would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii) ("the court must not order this payment if [] circumstances would make an award of expenses unjust).

//

//

ACCORDINGLY,

**IT IS ORDERED** that the defendant's Objection (ECF No. 234) is overruled and the Special Master's Order (ECF No. 231) is affirmed.

DATED this 10th day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge