**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Interior Electric Incorporated Nevada,

    Plaintiff

v.

T.W.C. Construction, Inc., et al.,

    Defendants

**And all other claims and parties**

Case No.: 2:18-cv-01118-JAD-MDC

**Order Denying Objection and Motion Without Prejudice and Remanding to Special Master for Clarification**

[ECF Nos. 349, 351]

Plaintiff and counterdefendant Interior Electric Incorporated Nevada objects to and moves to modify an August 14, 2024, order of the special master directing T.W.C. Construction, Inc. to provide limited responses to Interior Electric's written discovery requests. Because the special master has since withdrawn at least some portions of the objected-to order, leaving this court unsure of what remains to review, I deny without prejudice Interior Electric's objection and motion and remand this issue to the special master to clarify his order and conduct further proceedings.

**Discussion**

**A.     Relevant procedural history**

In early 2020, the court appointed a special master to resolve non-dispositive discovery disputes in this case.[1] The special master recently issued an order extending the discovery cut-off date, relying on the parties' representations that there were outstanding depositions to

---

[1] ECF No. 169.

conduct.[2] But the special master didn't explicitly state that the extension was solely for the purpose of conducting those depositions, and Interior Electric used the extended deadline as an opportunity to serve T.W.C. with a new set of interrogatories and requests for production.[3] T.W.C. objected to those requests as untimely, taking the position that the special master's discovery extension was limited to depositions and didn't permit another round of written discovery.[4] The parties brought their dispute to the special master,[5] who issued a ruling on August 14, 2024, permitting the written discovery and ordering responses.[6]

But in that order, the special master inadvertently transposed the plaintiff and defendant, thus technically ordering Interior Electric to respond to T.W.C.'s discovery requests, when the opposite direction was intended.[7] He also found that the "scope of the discovery requests are far beyond the reasonable limit" because they sought information about T.W.C.'s total gross revenue for various projects, though Interior Electric's claims are related only to the "electrical plans of the projects."[8] So the special master ordered a response to the requests but instructed that T.W.C. "may limit the Interrogatory responses and document production regarding damages to issues involving the electrical scope of the projects."[9]

---

[2] ECF No. 336.
[3] *See* ECF Nos. 351-2, 351-3.
[4] *See* ECF Nos. 351-4, 351-5.
[5] *See* ECF Nos. 351-6, 351-7, 351-8.
[6] ECF No. 349.
[7] *See id.*
[8] *Id.* at 2.
[9] *Id.* at 3. The special master technically instructed Interior Electric to respond to its own discovery requests. I correct the record where it is obvious that the special master's references to the parties was merely the result of scrivener's error.

Interior Electric objects to those limitations and moves to modify the special master's order.[10]  It points to the special master's erroneous transpositions, arguing that they render the order "nonsensical and inaccurate to the actual proceedings."[11]  It also objects to the special master's limitations on its discovery requests, arguing that total gross revenue for the projects that T.W.C. was allegedly able to timely complete only because it infringed on Interior Electric's electrical-plan copyrights is relevant to prove damages on those infringement claims.[12]

After Interior Electric filed its objection, the special master issued a notice titled "Special Master Notice Withdrawing August 14, 2024, Special Master Order as to Specific Responses Required."[13]  In that notice, the special master acknowledged that he "reversed the movant and respondent as to the specific request[s] that required a response."[14]  He thus ordered that "responses are required to the discovery requests as noted in the prior order" but that he "withdraws the remaining portion of the order and will consider any remaining dispute as to those request[s] if the parties do not resolve the issues."[15]

**B.   This matter is remanded to the special master for clarification.**

The special master's withdrawal order has created significant uncertainty about the remaining portions of the order that are left to be reviewed by this court.  T.W.C.'s response and Interior Electric's reply don't really contend with whether or how that withdrawal affects the special master's original order or what remains to be modified or objected to.  At most, Interior

---

[10] ECF No. 351.
[11] *Id.* at 3.
[12] *Id.* at 9–14.
[13] ECF No. 352.
[14] *Id.* at 2.
[15] *Id.* (cleaned up).

3

Electric claims that the withdrawal "highlights the need for the [c]ourt to issue an order modifying the special master's order so the parties can have a clear understanding of what is required."[16]

But the problem here is that this court doesn't have a clear understanding of the remaining scope of the special master's order, or what was intended to be withdrawn by his second order. Without clarification, I cannot meaningfully assess Interior Electric's objection and motion to modify. So I remand this matter to the special master to issue a new order that clarifies the ruling, including whether the limitations "regarding damages to issues involving the electrical scope of the projects" survived the withdrawal issued on September 5, 2024.[17] If the special master can resolve this dispute via further hearings or the submission of briefs from the parties, he may do so. And while that process plays out, I deny Interior Electric's objection and motion without prejudice to its ability to refile following further proceedings before the special master.

## Conclusion

IT IS THEREFORE ORDERED that this matter is **REMANDED to the special master for further proceedings consistent with this order.**

IT IS FURTHER ORDERED that Interior Electric's objection and motion to modify the special master report and order **[ECF No. 351] is DENIED without prejudice**.

_____
U.S. District Judge Jennifer A. Dorsey
October 9, 2024

---

[16] ECF No. 358 at 9.

[17] *See* Fed. R. Civ. P. 53(f)(1) (explaining that, upon review of a special master's order, report, or recommendation, the court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions").