**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Interior Electric Incorporated Nevada,<br>Plaintiff<br>v.<br>T.W.C. Construction, Inc., et al.<br>Defendants | Case No.: 2:18-cv-01118-JAD-MDC<br>**Order Directing Further Briefing**<br>[ECF Nos. 383, 385, 387, 388] |
| And all other claims and parties | |

Motions for summary judgment are pending on the copyright claims.[1] Both T.W.C. Construction, Inc. and Prologis, L.P. argue that Interior Electric Inc. Nevada (IE-NV) lacks statutory standing to recover for infringement of the electrical-plan-template copyright central to this claim.[2] According to those defendants, IE-NV's California counterpart owns the relevant rights and no agreement exclusively licensing or assigning those rights was disclosed in discovery.[3] In its response briefs, IE-NV revealed a purportedly undisclosed 2024 intercompany agreement exclusively licensing and assigning those rights and any accrued causes of action to IE-NV and backdating the assignment and license to 2004.[4]

In their reply briefs, TWC and Prologis ask this court to preclude IE-NV from relying on the agreement under the Federal Rules of Civil Procedure.[5] TWC and Prologis insist that IE-NV

[1] ECF Nos. 383, 385, 387, 388.

[2] ECF No. 385 at 11–12; ECF No. 391 at 2.

[3] *Id.*

[4] ECF No. 405 at 12–13; ECF No. 407 at 14–16; ECF Nos. 405–24, 407-3.

[5] ECF No. 413 at 11–12; ECF No. 414 at 8–10.

relied on the undisclosed intercompany agreement in violation of Rule 26(a)(1)(A)(ii)—which imposes, among other things, an ongoing obligation to disclose documents in a party's custody that it may use to support its case. Rule 37(c)(1) automatically excludes evidence not disclosed under Rule 26 unless "the parties' failure to disclose the required information is substantially justified or harmless."[6]

But because IE-NV included this agreement in its response briefs, defendants could only raise Rule 26 and 37 in their reply briefs. So IE-NV did not have an opportunity to respond to those arguments. IT IS THUS ORDERED that **IE-NV is directed to file a surreply** addressing only these two narrow issues:

- Was this intercompany agreement disclosed before TWC and Prologis filed their motions for summary judgment?
- If not, why should this document not be excluded under Rule 37?

This surreply **must be filed by 5 P.M. on Wednesday, August 5, 2026, and is limited to 8 pages.** No further briefing on these issues will be entertained.

U.S. District Judge Jennifer A. Dorsey
July 31, 2026

[6] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).