**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Interior Electric Incorporated Nevada,

Plaintiff

v.

T.W.C. Construction, Inc., et al.,

Defendants

And all other claims and parties

Case No.: 2:18-cv-01118-JAD-XYZ

**Order Denying Defendants' Motions for Attorneys' Fees and Awarding Reduced Costs for T.W.C. Construction, Inc., and Prologis, L.P.**

[ECF Nos. 431, 438, 439, 442, 443, 444, 455, 456, 458]

Plaintiff Interior Electric Incorporated Nevada (IE-NV) brought this lawsuit against TWC Construction, Prologis, L.P., Gus Baquerizo, and Clifford Anderson for federal copyright infringement and state-law breach of contract and related claims after former IE-NV employees allegedly used IE-NV's electrical plans to finish projects that IE-NV had started. TWC countersued, claiming that it was IE-NV that first breached their contract. In August 2026, I entered judgment in the defendants' favor on IE-NV's federal copyright claims, but I declined to exercise supplemental jurisdiction over the remaining state-law claims and dismissed them without prejudice to their refiling in state court under 28 U.S.C. § 1367.[1] The defendants now

[1] ECF No. 426.

move for attorneys' fees and costs for their defense of the entire action under federal copyright law.[2] T.W.C. and Prologis also seek costs under 28 U.S.C. § 1920 and this court's local rules.[3]

IE-NV opposes the defendants' attorneys' fee motions and objects to TWC and Prologis's costs requests. It first argues that this court should defer decision on the fees motions until its appeal is resolved. It then contends that none of the defendants are really prevailing parties because although they prevailed on the federal copyright claims, the dismissed state-law claims are proceeding in state court. It insists that the defendants should have allocated their fees and costs to account for the fact that they won on only four out of twenty-two claims and that the failure to do so warrants denial of their motions. IE-NV also argues that the court should use its discretion to deny the motions under the copyright statutes authorizing fees. Finally, IE-NV asserts that TWC and Prologis seek costs that aren't authorized by federal statute or this court's local rules.

I find that deferring ruling on these matters would not serve judicial efficiency, so I decide them now. I do not address the parties' allocation arguments because I exercise my discretion to deny fees under 17 U.S.C. §§ 505 and 1203. Though the defendants achieved complete success on IE-NV's federal claims, I find that IE-NV's claims were not frivolous or motivated by bad faith and that its legal and factual arguments were reasonable. On balance, and with the added consideration that the parties continue litigating several dismissed claims in state court, I find that awarding fees here is not in the interest of justice. I also substantially reduce the costs to TWC and Prologis because most of them are not permitted by § 1920 or the local rules.

[2] ECF Nos. 431 (Baquerizo), 438 (Anderson), 439 (Prologis), 444 (TWC).

[3] ECF Nos. 442 (Prologis), 443 (TWC).

## Discussion

### A. Deferral is unwarranted.

District courts retain the discretion to consider, defer, or deny without prejudice motions for attorneys' fees in cases with pending merits appeals.[4] Generally, a prompt ruling on attorneys' fees "best serves the policy against piecemeal appeals," "prevent[s] hasty consideration of post[-]judgment fee motions," and minimizes the concern that the "relevant circumstances will no longer be fresh in the mind of the district judge."[5] While I appreciate IE-NV's desire to promote judicial efficiency, I find that the efficient disposition of this matter is best served by my resolution of the pending fee motions now. So, I deny IE-NV's request to defer ruling on the attorneys' fees motions until after appeal.

### B. The court declines to award fees under 17 U.S.C. §§ 505 or 1203.

Federal copyright law provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer" and that the court "may also award a reasonable attorney's fee to the prevailing party as part of the costs."[6] When determining whether fees should be awarded, courts should consider "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of [the] losing party's legal and

---

[4] *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed.") (citations omitted); *see also* Fed. R. Civ. P. 54(d) notes of advisory committee on rules—1993 amendments ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice. . . .").

[5] *Masalosalo*, 718 F.2d at 957.

[6] 17 U.S.C. § 505. Section 1203, which applies to the Digital Millennium Copyright Act, similarly states that the court "in its discretion may allow the recovery of costs by or against any party other than the United States or an officer thereof" and "may award reasonable attorneys' fees to the prevailing party." 17 U.S.C. §§ 1203(b)(4), (5) (cleaned up).

factual arguments, and (5) the need to advance considerations of compensation and deterrence."[7] The court should "give substantial weight to the reasonableness of the losing party's litigating position but also take into account all other relevant factors."[8]

The defendants prevailed on the entirety of IE-NV's federal copyright claims.[9] I concluded that IE-NV lacked standing to pursue an infringement claim based on its registered plan template because the registration is owned by a separate entity (IE-CA) and IE-NV did not establish that it was assigned an exclusive license to use the template.[10] I also found that IE-NV's claims based on the actual plans (which were registered by IE-NV) failed because IE-NV could not show that the defendants actually copied those plans.[11] So the first factor weighs in favor of awarding fees.

The remaining factors, however, do not support a fee award. Though IE-NV's claims were ultimately unsuccessful, the legal and factual arguments they relied on were reasonable. The fact that IE-CA, not IE-NV, was the entity that could have enforced the template copyright was not readily apparent, particularly given the fact that the same individual owned both companies and operated them jointly. And the law regarding post-lawsuit assignment of a license to enforce a registration is unsettled and did not foreclose reasonable reliance on IE's later attempts to assign a license to the Nevada entity.[12] And as for IE-NV's copyright claims on

---

[7] *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 669 (9th Cir. 2018) (quoting *Wall Data Inc. v. L.A. Cnty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006)).

[8] *Id.* (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 210 (2016) (cleaned up)).

[9] I need not and do not address the state-law claims and the issue of allocation because I conclude that the defendants aren't entitled to any fees under federal law.

[10] ECF No. 426 at 8–16.

[11] *Id.* at 17–25.

[12] *See id.* at 13–15.

the individual plans, IE-NV produced evidence that Baquerizo submitted plans to TWC that contained several similarities to IE-NV's plans, including "the same typos and spelling errors present" in those plans.[13] Pressing a copying claim on that basis was not unreasonable or frivolous. Nor does the record support a finding that IE-NV's motivations for bringing and maintaining this case were suspect. And because this case was reasonably brought and maintained to enforce registered copyrights, I do not find that awarding attorneys' fees would advance the goals of compensation and deterrence. So I deny each motion for attorneys' fees relying on §§ 505 and 1203(b)(5) to support that award.[14]

### C. Anderson is not entitled to fees under FRCP 68.

Defendant Clifford Anderson alternatively moves for fees under Federal Rule of Civil Procedure (FRCP) 68. He contends that he made a $10,000 offer of judgment that IE-NV rejected by silence on May 27, 2022.[15] FRCP 68 provides that, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."[16] Because the Copyright Act defines costs to include attorneys' fees, such fees should be included in any FRCP 68 award.[17] But the Ninth Circuit has confirmed that if "fees [are] not properly awardable under § 505 . . . , fees [cannot] be awarded

[13] ECF No. 426 at 4.

[14] With good causes appearing, I grant TWC's related motion to exceed the page limits on its attorneys' fees motion. ECF No. 458.

[15] ECF No. 438 at 5, 19.

[16] Fed. R. Civ. P. 68(d).

[17] *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1033 (9th Cir. 2013) (quoting *Marek v. Chesney*, 473 U.S. 1, 9 (1985)).

under Rule 68."[18] Because I find that the defendants are not entitled to fees under § 505, Anderson's reliance on Rule 68 does not compel a different result.

**D. The court awards taxable costs under § 1920 because TWC and Prologis prevailed on IE-NV's federal copyright claims.**

FRCP 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party."[19] The costs available to the prevailing party are limited to "the items enumerated in [28 U.S.C.] § 1920."[20] "A party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)."[21] But in the event of a mixed judgment, "it is within the discretion of a district court to require each party to bear its own costs."[22] District courts have interpreted the Ninth Circuit's instruction on mixed judgments to permit courts to "apportion costs on successful and unsuccessful claims."[23]

TWC and Prologis separately filed bills of costs seeking fees under § 1920, FRCP 54(d), and this court's local rules.[24] IE-NV objects to those costs in their entirety, contending that the

---

[18] *Id.* at 1034.

[19] Fed. R. Civ. P. 54(d)(1) (cleaned up).

[20] *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

[21] *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (cleaned up).

[22] *Id.*

[23] *See Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1049 (C.D. Cal. 2012).

[24] ECF Nos. 442, 443. Defendants Anderson and Baquerizo did not file a bill of costs separate from their motions for attorneys' fees and costs. This district's local rules require that parties seeking costs "other than attorneys' fees" must file a bill of costs explaining their entitlement to costs under 28 U.S.C. §§ 1920, 1921, and 1923. L.R. 54-1. A motion for attorneys' fees must include an "itemization of costs sought to be charged as part of the fee award and not otherwise taxable under L.R. 54-1 through 54-13." *Id.* Because Anderson and Baquerizo seek only nontaxable costs as part of their fee award, I deny those requests for the same reasons I deny their attorneys' fees motions.

defendants "bear the burden of establishing that the requested costs would not have been paid *but for* the copyright claims."[25] For that proposition IE-NV cites *Fox v. Vice*, a Supreme Court case interpreting the scope of 42 U.S.C. § 1988, the attorneys' fees provision for civil-rights cases.[26] In *Fox*, the High Court analyzed whether a defendant may recover costs when a plaintiff asserts both non-frivolous and frivolous claims. It held that "a court may grant reasonable fees to the defendant in this circumstance, but only for costs that the defendant would not have incurred but for the frivolous claims."[27]

I find that the "but for" language in *Fox* is limited to its interpretation of § 1988. The High Court grounded its holding in the "equitable considerations" at stake in civil-rights actions and Congress's interest in protecting defendants in those suits from "burdensome litigation having no legal and factual basis."[28] IE-NV does not point to any similar concerns under copyright law that would warrant using the but-for standard here, and I cannot imagine any. So I do not apply the *Fox* standard here. Instead, I consider whether the defendants have shown that the costs they seek are authorized by § 1920 and related to the federal copyright claims they prevailed on. If the defendants do not adequately rebut IE-NV's contentions that a certain cost was not at least tangentially related to facts bearing on the copyright claims, I exercise my discretion to exclude those costs.

---

[25] ECF No. 455 at 3; ECF No. 456 at 3.

[26] *See Fox v. Vice*, 563 U.S. 826 (2011).

[27] *Id.* at 829.

[28] *Id.* at 833 (quotations omitted).

***1. TWC is awarded $13,243.01 in costs.***

***a. All costs that aren't taxable under § 1920 and L.R. 54 are excluded.***

TWC seeks $246,535.82 in costs.[29] That sum includes taxable costs under § 1920—deposition transcripts, witness fees, etc.—but it also includes several cost categories that are not included in § 1920's scope. TWC contends that anything not covered by § 1920 should be included in any § 505 attorneys' fee award. So I start by denying requests for any costs that aren't covered by § 1920 because I have already found that TWC is not entitled to recover under § 505. Those nontaxable costs include: $192.00 for service of summons and subpoenas,[30] $13,330.25 for printing, $2,150.00 for mediation fees, $35,908.75 for expert-report fees, $96,345.35 for electronic-document storage, $56,085.00 in electronic legal research, $875.00 for flash drives and CDs, $1,472.09 for postage, $149.00 for runner fees, $152.00 for parking fees, and $2,604.72 in travel expenses.

***b. Special-master fees are excluded.***

TWC also seeks the costs associated with the special master who was appointed to oversee discovery in this case under FRCP53(g). That rule requires the court to "fix the master's compensation on the basis and terms stated in the appointing order, but the court may set a new basis and terms after giving notice and an opportunity to be heard."[31] The order appointing the special master in this case set compensation and a set of rules for payment of the special master's fees while also acknowledging the court's discretion to reallocate fees and costs at the conclusion

---

[29] ECF No. 443.

[30] TWC sorted this expenditure under "Fees of the Clerk" but fails to explain how the cost of serving two discovery subpoenas falls under that heading. Nor does TWC specify what § 1920 category this request would fall under. So I assume that TWC seeks these costs as part of its attorneys' fees award and not as part of its taxable-costs award.

[31] Fed. R. Civ. P. 53(g)(1).

of the case.[32] And FRCP 53(g)(3) states that the "court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master."[33]

TWC does not reference any of these factors in its request. It merely states that the special-master proceedings "included substantial discovery concerning IE's copyright claims, including municipal subpoenas for allegedly infringing electrical plans and demands for revenues from 42 construction projects under IE's copyright damages theory" and suggests that judgment in TWC's favor "supplies a basis for revisiting the interim allocation in light of the nature and scope of the federal claims and the result obtained."[34] I find TWC's showing insufficient to reallocate payment. So I deny its request that IE-NV pay TWC's half of the special-master fees.

***c. TWC may recover a portion of its transcript costs.***

TWC seeks $17,813.04 in "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."[35] Of that amount, $84 is for court-hearing transcripts. But L.R. 54-3 explains that the cost of court transcripts "is not taxable unless the transcripts are (1) requested by the court or (2) prepared under a stipulation approved by the court." TWC has not shown that the hearing transcripts it requested satisfy this rule, so I exclude them.

IE-NV contends that all but one of TWC's deposition transcripts—that of John Nicholas—have nothing to do with the federal copyright claims and should thus be excluded because TWC did not prevail on the state-law claims relevant to the remaining depositions.

---

[32] ECF No. 169 at 5–6.

[33] Fed. R. Civ. P. 53(g)(3).

[34] ECF No. 461 at 12.

[35] ECF No. 443 at 2.

TWC responds that many more depositions were used in the prosecution and defense of the federal copyright claims, and it points specifically to five witnesses: Gustavo Baquerizo, Paula Mathews, Chris Sampson, Arnel Arches, and Wade Takashima.[36] But only three of those depositions (Mathews, Arches, and Takashima) are included in TWC's cost request, and TWC fails to explain how the remaining eleven depositions had anything to do with the federal claims. I take TWC's silence as a concession that those depositions relate to the state-law claims, and I exclude them from its cost reimbursement. I award costs for the depositions of Nicholas, Mathews, Arches, and Takashima only.

I also reduce some of those costs because they do not comply with this district's local rules. L.R. 54-4 permits recovery of deposition-transcript costs for "either the original or a copy, but not both" and excludes costs related to "postage, handling, and delivery fees" and "condensed, ASCII, or other special formatting or production of deposition transcripts."[37] The invoice for Nicholas's deposition transcript includes an original and one copy, something called an "E-Bundle," and a local delivery fee. I cut the cost of the transcript itself in half to cover only the original, and I exclude the E-Bundle and delivery costs. But I permit recovery of costs associated with "remote videoconferencing setup, testing, and service," use of a videoconferencing computer, and costs associated with exhibits because those costs appear to be unavoidable costs of taking a modern deposition. So TWC may recover $872.26 of Nicholas's deposition costs. TWC is also entitled to reimbursement for Mathews, Takashima, and Arches's depositions, which total $3,260.80. TWC is thus able to recover $4,133.06 in costs expended for

---

[36] ECF No. 461 at 5.

[37] L.R. 54-4.

deposition transcripts. I also add $120 for statutorily permitted witness fees for three of TWC's expert witnesses.[38]

***d. TWC may recover costs associated with producing copies of electronic discovery and witness fees.***

TWC seeks $8,989.95 in costs for "compliance with ESI discovery protocol" under § 1920(4), which covers "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."[39] The Ninth Circuit has clarified that this category may cover electronic data services if those services involved copying data and if those copies were used in the case.[40] In its reply, TWC explains that its ESI costs were incurred "to prepare documents for production in connection with [its] thirteenth and fourteenth supplemental disclosures" and involved "conversion of Outlook emails, Excel workbooks, and Word documents to PDF, OCR processing of 277,950 pages, and a flash drive containing the exported files."[41] I find that the costs TWC incurred to comply with this case's ESI protocol and produce documents for litigation are properly taxable under § 1920(4), so I award those costs. In total, TWC is entitled to a costs award of $13,243.01.

***2. Prologis is awarded $708.45 in costs.***

Prologis seeks reimbursement of $805.05 it spent on copies and a deposition transcript.[42] IE-NV objects, contending that Prologis did not explain the purpose of its copies or show that the

---

[38] IE-NV does not object to this cost. *See* ECF No. 455 at 9.

[39] 28 U.S.C. § 1920(4).

[40] *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 930 (9th Cir. 2015).

[41] ECF No. 461-1 at 4, ¶¶ 4–5.

[42] ECF No. 445. Prologis originally requested $1,066.95, but it withdrew its request for reimbursement of clerk fees and some PACER charges in its reply. *See* ECF No. 459 at 2.

deposition transcript was used in this case.[43] Prologis's itemization of its costs for copying consists of a spreadsheet showing the dates on which copying costs were incurred, with no explanation of what those copies were for.[44] L.R. 54-6 explains that some copies—like copies of "an exhibit necessarily attached to a filed document" or "trial exhibits for the judge and opposing parties"—may be taxed, but other copies—like the cost "of reproducing copies of motions, pleadings, notices, and other routine case papers" or the "cost of copies obtained for an attorney's own use"—are not taxable.[45] Prologis fails to provide any information from which I can determine that its copying costs fall into the first category and not the second, so I decline to award Prologis's requested copying costs.

Prologis also seeks $708.45 for a copy of Fritz Wyler's deposition transcript.[46] IE-NV contends that the lump-sum charge of the deposition may hide additional charges that are not taxable, like delivery costs or condensed transcripts. It also argues that IE-NV noticed Wyler's deposition, and Prologis "offers no explanation of how, or whether, it used the transcript."[47] Prologis responds that "IE-NV itself made . . . Wyler a witness in the case, and a party defending against claims premised on a witness's testimony reasonably obtains a copy of that transcript."[48]

Courts generally agree that "actual introduction or admission into evidence at trial is not a prerequisite" for awarding transcript costs, and "the determination of necessity is made in light

---

[43] ECF No. 456.

[44] ECF Nos. 442-1, 442-3.

[45] L.R. 54-6(a), (b).

[46] ECF No. 442-4.

[47] ECF No. 456 at 6–7.

[48] ECF No. 459 at 3.

of the facts known at the time of the deposition."[49] I find that it was reasonable for Prologis to order a transcript of IE-NV's deposition of its witness at the time the deposition was taken. And because IE-NV doesn't contend that Wyler's deposition was not relevant to the federal copyright claims, I do not deny Prologis's request on that basis. I also don't find that the lump-sum invoice for this deposition disqualifies Prologis from recovering these costs. So Prologis is entitled to $708.45 to cover a copy of Wyler's deposition transcript.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motions for attorneys' fees **[ECF Nos. 431, 438, 439, 444] are DENIED**.

IT IS FURTHER ORDERED that TWC's motion for leave to file excess pages **[ECF No. 458] is GRANTED.**

IT IS FURTHER ORDERED that plaintiff IE-NV's objections **[ECF Nos. 455, 456]** to TWC and Prologis's bills of costs **are SUSTAINED in part and OVERRULED in part.** TWC's costs **[ECF No. 443] are TAXED against the plaintiff at $13,243.01**, and Prologis's costs **[ECF No. 442] are TAXED against the plaintiff at $708.45.** The Clerk of Court is directed to ENTER AN AMENDED JUDGMENT reflecting these cost awards.

U.S. District Judge Jennifer A. Dorsey
November 23, 2026

[49] *Women's Fed. Sav. and Loan Ass'n of Cleveland v. Nev. Nat'l Bank*, 108 F.R.D. 396, 398 (D. Nev. 1985) (first citing *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985), then citing *Marcoin, Inc. v. Edwin K. Williams & Co., Inc.*, 88 F.R.D. 588, 592 (E.D. Va. 1980)); *see also Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Ore. 1995).